IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHELLY AVERSMAN** and
**MATTHEW AVERSMAN,**

    **Plaintiffs,**

    v.

**CHRISTOPHER M. NICHOLSON,** in his individual capacity, **WILLIAM SMITH,** in his individual capacity, **KANSAS BUREAU OF INVESTIGATION**, and **JOHN DOES 1–10,**

    **Defendants.**

Case No. 16-2779

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Kansas Bureau of Investigation's ("KBI") Motion to Dismiss (Doc. 14), defendant Special Agent Christopher M. Nicholson's Motion to Dismiss (Doc. 16), and defendant Special Agent William Smith's Motion to Dismiss (Doc. 18).

### I.    Factual Background

Plaintiffs filed this case asserting claims under 42 U.S.C. § 1983; § 1988; the Fourteenth Amendment; and various state laws. The complaint's allegations involve defendants' investigation into a report that plaintiff Shelly Aversman had unlawful sexual relations with a student at Atchison High School while she was teaching there. Defendant Nicholson interviewed Ms. Aversman twice and the student once, all on November 24, 2015. First, he interviewed Ms. Aversman; she admitted to having a sexual relationship with the student but only after their student-teacher relationship ended, after the student's graduation. Next Defendant Nicholson interviewed the student; he also denied that any sexual activity took place while he was a student at Atchison High. The student admitted that sexual contact occurred in September 2012 when he had returned home from his college studies due to

-1-

a medical issue. Later in the interview, defendant Nicholson asked the student to confirm "So some of that contact [referring to sexual contact] was prior to you graduating and going to college." (Doc. 6 at 4.) The student said "Yeah, like I said - " but was cut off by defendant Nicholson before he completed an answer. (*Id.*) Defendant Nicholson drew a timeline and asked the student to point out when the contact occurred, but did not have him mark or sign the chart.

Defendant Nicholson then interviewed Ms. Aversman again, this time telling her that the student had admitted that they had a sexual contact while he was a senior in high school. To this, Ms. Aversman "responded with maybe, and then probably, but then clarified that [the student] had expressed feelings for her during [his] senior year, but that she had rejected those feelings by telling him that she saw him like a child." (*Id.* at 5.) Defendant Nicholson then asked "'Is there a time when a mistake happened?', to which Mrs. Aversman responded 'Yea' and clarified that '[i]t was closer to his graduation time.'" (*Id.*) She "then clarified again that she had rejected [the student's] advances because of her life, her career, everything." (*Id.*) Defendant Nicholson told Ms. Aversman that the student guessed the sexual contact began in January of his senior year in high school. She responded "'Probably. I was thinking it was long after that,' and followed up with 'I guess so.'" (*Id.* at 6.) Ms. Aversman described "the sexual contact that took place prior to September 2012" as "fondling/touching." (*Id.*)

Sometime after the November 24, 2015 interviews, defendant Nicholson listened to audio recordings of the interviews and summarized their contents. Within fifteen days, by December 9, 2015, he prepared a probable cause affidavit for Ms. Aversman's arrest based on the summaries. He included in the probable cause affidavit that the student:

> admitted that he and Aversman engaged in a sexual relationship at a time period between January 2012 and August 2012, when he was still a student at Atchison High School and Aversman was one of his teachers. . . . [Ms. Aversman admitted] that she had engaged in lewd fondling of [the student] prior to his graduation from Atchison

-2-

> High School a time period in which Aversman was employed by Atchison High School and was one of [his] teachers. Aversman stated the touching involved her touching [his] genitals under his clothes and [his] touching her genitals under her clothes.

(*Id.* at 7.) Based on those statements, an arrest warrant issued and Ms. Aversman was arrested based on charges of Unlawful Voluntary Sexual Relations in violation of K.S.A. § 21-5512(a)(9), the same day. Ms. Aversman posted bond awaiting a preliminary hearing that was scheduled for March 2, 2016, when the charges were dismissed. Ms. Aversman had been suspended from her job, and despite the charges against her being dismissed, her employment was terminated.

## II. Procedural Background

Defendant KBI moves to dismiss itself from the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and because it lacks the capacity to sue or be sued under Fed. R. Civ. P. 17(b) (Doc. 14). Plaintiff does not oppose defendant KBI's motion. It is therefore granted. Plaintiffs' Count XVI is therefore dismissed.

Defendant Smith moves to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc 18). Plaintiffs do not oppose defendant Smith's motion to dismiss but ask that it be granted without prejudice in case plaintiffs discover evidence during discovery that indicates defendant acted with deliberate indifference, opening him to liability under § 1983. Therefore, defendant Smith's motion to dismiss is granted.

The remaining motion before the court is defendant Nicholson's Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and because he claims he is entitled to qualified immunity. (Doc. 16.)

## III. Legal Standards

### A. Motion to dismiss pursuant to 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *see also* Fed. R. Civ. P. 8(a). Although the court considers the complaint's allegations to be true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556, U.S. at 678.

### B. Qualified immunity

"Government defendants sued under § 1983 in their individual capacities have qualified immunity: government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

On a motion to dismiss, plaintiffs "must allege sufficient facts that show—when taken as true—the defendant plausibly violated [their] constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir, 2012). The court exercises its discretion based on the facts of each case in deciding which prong to first address. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

**IV.  Discussion**

The remaining defendants in this case are defendant Nicholson and John Does 1–10, who are allegedly supervisory personnel with the KBI who would have had the responsibility to train, hire, screen, instruct, supervise, and discipline defendant Nicholson. Plaintiffs' three remaining federal claims are brought pursuant to 42 U.S.C. § 1983. They are: (Count I) brought against defendant Nicholson for violating Ms. Aversman's Fourth and Fourteenth Amendment rights by misrepresenting and omitting information from the probable cause affidavit that would have negated probable cause; (Count II) brought against defendant Nicholson for false arrest and malicious prosecution; and (Count IV) brought against defendants John Does 1–10 for supervisory liability.

"The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue. But common to all § 1983 claims is the requirement that liability be predicated on a violation traceable to a defendant-official's own individual actions." *Brown v. Univ. of Kan.*, 16 F. Supp. 3d 1275, 1286–87 (D. Kan. 2014) (quoting *Pahls v. Thomas*, 718 F.2d 1210, 1225 (10th Cir. 2013)). In this case, plaintiffs challenge defendant Nicholson's investigation of Ms. Aversman for reported criminal activity.

Defendant Nicholson argues that he is entitled to qualified immunity because plaintiffs cannot show either that he violated Ms. Aversman's constitutional rights or that he violated clearly established law. Plaintiffs allege that defendant Nicholson violated Ms. Aversman's rights because of the

-5-

generally reckless nature of his investigation. They claim he should have established a clearer timeline detailing when sexual contact started and what type of contact occurred, if any, while the student was still in high school. They argue that defendant Nicholson made either knowingly false or reckless misrepresentations in the probable cause affidavit. Specifically, plaintiffs claim that defendant Nicholson included a false statement: that the student admitted to sexual relations while he was a high school student, and omitted statements that would have negated probable cause: both the student and Ms. Aversman's initial denials that sexual relations took place while the student was still in high school. Additionally, plaintiffs argue that defendant Nicholson's efforts to be concise in the probable cause affidavit resulted in factual ambiguity.

All of plaintiffs' claims require them to show that defendant Nicholson's probable cause affidavit, prompting the issuance of warrant for Ms. Aversman's arrest, lacked probable cause. For the reasons described below, the court finds that they do not, because the affidavit was supported by probable cause.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A Fourth Amendment violation occurs when an arrest warrant affiant "knowingly, or with reckless disregard for the truth, include[s] false statements in the affidavit, or [] knowingly or recklessly omit[s] from the affidavit information which, if included, would have vitiated probable cause." *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), *Stewart v. Donges*, 915 F.2d 572, 581–83 (10th Cir. 1990)). In such circumstances, the court approaches the probable cause inquiry by setting any allegedly false statements aside and reviewing the remaining truthful facts. *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011) (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)). Likewise, where a party alleges that true information has been

unlawfully omitted from an affidavit, the court includes that information and determines whether the affidavit would still have given rise to probable cause. *Id.*

"Probable cause does not require proof beyond a reasonable doubt or even a preponderance of the evidence." *Hopper v. Fenton*, 665 F. App'x 685, 686 (10th Cir. 2016). "Instead, the relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." *Id.* (quoting *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011)).

Defendant Nicholson's probable cause affidavit declared that Ms. Aversman violated—and she was ultimately arrested and charged with violating—K.S.A. § 21-5512(a)(9), which provides that:

> Unlawful sexual relations is engaging in consensual sexual intercourse, lewd fondling or touching, or sodomy with a person who is not married to the offender if . . . the offender is a teacher or other person in a position of authority and the person with whom the offender is engaging in consensual sexual intercourse, lewd fondling or touching, or sodomy is a person 16 years of age or older who is a student enrolled at the school where the offender is employed.

Omitting the student's allegedly false admission and including the fact that both the student and Ms. Aversman initially denied the existence of sexual interactions prior to the student's high school graduation, the affidavit was still supported by probable cause. The court notes that it was not provided a copy of the probable cause affidavit and proceeds based solely on plaintiffs' allegations. Even so, taking the facts in the light most favorable to plaintiffs, when told that the student admitted that sexual relations occurred while he was a high school student, Ms. Aversman responded "maybe" and "probably" and admitted that a "mistake occurred" "closer to his graduation time." (Doc. 6 at 6.) When told that the student estimated that sexual activity occurred as early as January 2012, Ms. Aversman said "'Probably. I was thinking it was long after that,' and followed up with 'I guess so.'" (*Id.* at 6.) She then went on to describe the sexual contact that occurred before September 2012 as

fondling or touching, although specific dates were not confirmed. Omitting the student's allegedly false admission, the probable cause affidavit still accurately included:

> [Ms. Aversman admitted] that she had engaged in lewd fondling of [the student] prior to his graduation from Atchison High School a time period in which Aversman was employed by Atchison High School and was one of [his] teachers. Aversman stated the touching involved her touching [his] genitals under his clothes and [his] touching her genitals under her clothes.

(*Id.* at 7.) Although both the student and Ms. Aversman initially denied that any sexual interactions took place while the student was in high school, they both admitted that a sexual relationship existed after he graduated. Even adding in their initial denials that sexual interactions occurred prior to the student's graduation would not negate probable cause that Ms. Aversman engaged in criminal activity, because she apparently agreed with defendant Nicholson when he informed her that the student estimated that the sexual activity began in January 2012, the second half of his senior year in high school. There does not seem to be any dispute that the student was enrolled at Atchison High School and Ms. Aversman was employed there through May 2012. Whether or not defendant Nicholson lied when he told Ms. Aversman that the student estimated that sexual relations began in January 2012, Ms. Aversman responded that they probably did and she guessed so. She then described sexual activity criminalized by the statute—lewd fondling or touching.

The court finds that these statements and the circumstances surrounding the investigation created a substantial probability that Ms. Aversman committed the crime—establishing probable cause for her arrest. Defendant Nicholson is entitled to qualified immunity because plaintiff has not established a violation of a constitutional right. Additionally, because plaintiffs' remaining federal claims rely either on the court finding a constitutional violation or no probable cause, all remaining federal claims are dismissed. This includes the remaining federal claim against the Doe defendants for

supervisory liability.  The court declines to exercise supplemental jurisdiction over the remaining state claims.

**IT IS THEREFORE ORDERED** that defendant KBI's Motion to Dismiss (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that defendant Nicholson's Motion to Dismiss (Doc. 16) is granted.

**IT IS FURTHER ORDERED** that defendant Smith's Motion to Dismiss (Doc. 18) is granted.

This case is closed.

Dated July 11, 2017, at Kansas City, Kansas.

      s/ Carlos Murguia
      **CARLOS MURGUIA**
      **United States District Judge**